specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

85.   Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

(a) Employed devices, schemes, and artifices to defraud;

(b) Made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) Engaged in acts, practices, and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Alkermes common stock during the Class Period.

86.   Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for Alkermes common stock. Plaintiff and the Class would not have purchased Alkermes common stock at the price they paid, or at all, if they had been aware that the market price had been artificially and falsely inflated by defendants' misleading statements.

87.   As a direct and proximate result of these defendants' wrongful conduct, plaintiff and the other members of the Class suffered damages in connection with their purchases of Alkermes common stock during the Class Period.

## SECOND CLAIM FOR RELIEF

### For Violation of §20(a) of the
### 1934 Act Against All Defendants

88.     Plaintiff incorporates ¶¶1-87 by reference.

89.     The Individual Defendants acted as controlling persons of Alkermes within the meaning of §20(a) of the 1934 Act. By reason of their positions as officers and/or directors of Alkermes, and their ownership of Alkermes stock, the Individual Defendants had the power and authority to cause Alkermes to engage in the wrongful conduct complained of herein. Alkermes controlled each of the Individual Defendants and all of its employees. By reason of such conduct, the Individual Defendants and Alkermes are liable pursuant to §20(a) of the 1934 Act.

## CLASS ACTION ALLEGATIONS

90.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased Alkermes common stock (the "Class") on the open market during the Class Period. Excluded from the Class are defendants.

91.     The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. During the Class Period, Alkermes had more than 54 million shares of stock outstanding, owned by hundreds if not thousands of persons.

92.     There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include:

(a) Whether the 1934 Act was violated by defendants;

(b) Whether defendants omitted and/or misrepresented material facts;

(c) Whether defendants' statements omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

(d) Whether defendants knew or deliberately disregarded that their statements were false and misleading;

(e) Whether the price of Alkermes common stock was artificially inflated; and

(f) The extent of damage sustained by Class members and the appropriate measure of damages.

93. Plaintiff's claims are typical of those of the Class because plaintiff and the Class sustained damages from defendants' wrongful conduct.

94. Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation. Plaintiff has no interests which conflict with those of the Class.

95. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

1. Declaring this action to be a proper class action pursuant to FRCP 23;

2. Awarding plaintiff and the members of the Class damages, interest and costs; and

3. Awarding such equitable/injunctive or other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: November 13, 2003

GILMAN AND PASTOR, LLP

By: *[signature]*

David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts 01906
Telephone:   (781) 231-7850
Facsimile:    (781) 231-7840

GLANCY & BINKOW LLP
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile:    (310) 201-9160

*Attorneys for Plaintiff*

## GLANCY & BINKOW LLP
## SWORN CERTIFICATION OF PLAINTIFF BARRY FAMILY LP
## ALKERMES, INC. SECURITIES LITIGATION

I, Brian Barry, on behalf of Barry Family LP, certify that:

1. I have reviewed the Complaint and authorized its filing.

2. I did not purchase ALKERMES, INC. the security that is the subject of this action, at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3. I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4. My transactions in ALKERMES, INC. during the Class Period set forth in the Complaint are as follows:

   I bought 20 shares on 03/20/2000 at $51.75 per share
   I bought 40 shares on 05/10/2000 at $24.75 per share
   I bought 55 shares on 03/08/2001 at $27.25 per share
   I bought 10 shares on 03/14/2001 at $24.25 per share
   I bought 10 shares on 12/05/2001 at $24.88 per share

   I sold 20 shares on 03/05/2003 at $7.72 per share
   I sold 40 shares on 03/05/2003 at $7.72 per share
   I sold 55 shares on 03/05/2003 at $7.72 per share
   I sold 10 shares on 03/05/2003 at $7.72 per share
   I sold 10 shares on 03/05/2003 at $7.72 per share

5. I have not served as a representative party on behalf of a class under this title during the last three years.

6. I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing are true and correct statements.

Dated: 11/5/03

Brian Barry,
On Behalf of Barry Family LP