

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL BENNETT, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ALKERMES, INC., et al.,<br><br>　　　　　　　　Defendants. | No. 03-CV-12091-RCL<br><br><u>CLASS ACTION</u> |
| VINCENT RAGOSTA, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ALKERMES, INC., et al.,<br><br>　　　　　　　　Defendants. | No. 03-CV-12184-RCL<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

SOUTHERN ALASKA CARPENTERS RETIREMENT TRUST'S OPPOSITION TO
COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL
OF SELECTION OF LEAD COUNSEL

| | |
|---|---|
| BARRY FAMILY LP, On Behalf of Itself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>ALKERMES, INC., et al.,<br><br>                    Defendants. | Civil Action No. 03-CV-12243-RCL<br><br><u>CLASS ACTION</u> |
| JULIUS AND PHYLLIS WALTZER, On Behalf of Themselves and All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>ALKERMES, INC., et al.,<br><br>                  Defendants. | Civil Action No. 03-CV-12277-RCL<br><br><u>CLASS ACTION</u> |
| DEBRA S. FOLKERTS, On Behalf of Herself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>ALKERMES, INC., et al.,<br><br>                  Defendants. | Civil Action No. 03-CV-12386-RCL<br><br><u>CLASS ACTION</u> |
| JAMES P. SLAVAS, On Behalf of Himself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>ALKERMES, INC., et al.,<br><br>                  Defendants. | Civil Action No. 03-CV-12471-RCL<br><br><u>CLASS ACTION</u> |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ... 1

II. ARGUMENT ... 3

    A. The Alaska Carpenters Trust Is the Movant with the Largest Losses that Otherwise Satisfies Rule 23 and Therefore Is the Presumptive Lead Plaintiff ... 3

    B. Danske Is Not the Most Adequate Plaintiff ... 4

        1. Infirmities in the Danske Certification ... 4

        2. Danske Has Failed to Demonstrate It Has Standing to Pursue Claims on Behalf of the Class ... 8

        3. Appointment of Danske as Lead Plaintiff Would Subject the Class to Unnecessary Risk ... 9

    C. The McCallum Family Group's Losses Are Too Small to Support Its Appointment as Lead Plaintiff ... 10

III. CONCLUSION ... 10

## TABLE OF AUTHORITIES

Page

*Berger v. Ira B. Lambert, et al.*,
    No. 02-21154-CIV-Huck/Bandstra (S.D. Fla.) .................................................................. 6

*Blue Chip Stamps v. Manor Drug Stores*,
    421 U.S. 723 (1975) .......................................................................................................... 8

*Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*,
    127 F. Supp. 2d 572 (D.N.J. 2001) .................................................................................. 8

*Casden v. HPL Tech. Inc., Sec. Litig.*,
    No. 3:02 cv 3510-VRW (N.D. Cal. Oct. 3, 2002) ............................................................ 7

*Chambers v. Amdocs, Ltd*,
    No. 4:02 CV 00950 RWS (E.D. Mo. Nov. 15, 2002 ) ..................................................... 6

*Curtis v. Elan Corp.*,
    No. 02-CV-212 .................................................................................................................. 7

*Ezra Charitable Trust v. Rent-Way, Inc.*,
    136 F. Supp. 2d 435 (W.D. Pa. 2001) ......................................................................... 3, 8

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    903 F.2d 176 (2d Cir. 1990) ............................................................................................. 9

*Gibbone v. Interstate Bakeries Corp., et al.*,
    No. 4:03-cv-00178-FJG (W.D. Mo. Feb. 28, 2003) ....................................................... 7

*IBP, Inc. Sec. Litig.*,
    No. CIV 01-4031 (D.S.D. Feb. 12, 2001) ....................................................................... 6

*In re Bank One S'holders Class Actions*,
    96 F. Supp. 2d 780 (N.D. Ill. 2000) ................................................................................. 3

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...................................................................................... 1, 10

*In re Mitek Systems, Inc. Sec. Litig.*,
    Master File No. 00cv2028-L (AJB) (S.D. Cal. Oct. 11, 2000) ....................................... 6

*In re Network Assoc. Sec. Litig.*,
    76 F. Supp. 2d 1017 (N.D. Cal. 1999) .................................................................... 3, 7, 10

|Page

*In re Pre-Paid Sec.*,
    No. 01-cv-182 (W.D. Okla.) ........................................................................................5

*In re Sara Lee Corp.*,
    Case No. 03-CV-3202, filed May 13, 2003 (N.D. Ill.) ..................................................4, 5

*In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*,
    209 F.R.D. 353 (S.D.N.Y. 2002) ..................................................................................8

*In re Unify Corp. Sec. Litig.*,
    No. C-00-2728-SI (N.D. Cal.) ......................................................................................7

*J.H. Cohn & Co. v. American Appraisal Assoc., Inc.*,
    628 F.2d 994 (7th Cir. 1980) ........................................................................................9

*Koos v. First Nat'l Bank*,
    496 F.2d 1162 (7th Cir. 1974) ......................................................................................9

*Martin v. Maxim Pharmaceuticals, Inc., et al.*,
    No. 00-CV-2484-JM (LSP) (S.D. Cal. Oct. 1, 2001) ......................................................7

*McNamara, et al. v. Pre-Paid Legal Serv., Inc., et al.*,
    Nos. 02-6110 (10th Cir. Apr. 8, 2002) ........................................................................5, 6

*O'Driscoll v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    No. 83 Civ. 0616, 1983 U.S. Dist. LEXIS 13984 (S.D.N.Y. Sept. 8, 1983) ......................9

*Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Hanover Compressor Company*,
    Civil Action No. H-02-0410 (S.D. Tex.) ........................................................................7

*Ryan v. Dana Corp.*,
    No. 03-CV-51 (W.D. Va. July 15, 2003) ......................................................................7

*Schwartz v. TXU Corp.*,
    No. 3:02-CV-2243 (N.D. Tex.) ....................................................................................7

*Smith v. Suprema Specialties, Inc.*,
    206 F. Supp. 2d 627 (D.N.J. 2002) ............................................................................3, 8

*Van Reuth v. SRI Surgical Express, Inc.*,
    No. 8:01-CV-2282-23-MAP (M.D. Fla.) ......................................................................7

- iv -

   Page

*Worth v. Seldin,*
   422 U.S. 490 (1975) .................................................................................................... 8


**STATUTES, RULES AND REGULATIONS**

15 U.S.C. §78u-4(a)(3) ........................................................................................................ *passim*

Federal Rule of Civil Procedure 23 ..................................................................................... *passim*

Proposed Lead Plaintiff Southern Alaska Carpenters Retirement Trust ("Alaska Carpenters Trust") respectfully submits this memorandum of law in opposition to appointment of Danske Capital ("Danske") and the McCallum Family Group and in further support of its motion for appointment as lead plaintiff and for approval of its selection of Patrick J. Coughlin and Jeffrey W. Lawrence of Milberg Weiss Bershad Hynes & Lerach LLP ("Milberg Weiss") as lead counsel and Moulton & Gans, P.C. as liaison counsel, pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## I.     INTRODUCTION

Before the Court are three competing motions for appointment of lead plaintiff in connection with six securities class action lawsuits arising from false and misleading statements made by Alkermes, Inc. ("Alkermes") and certain of its officers and directors during the class period.[1] Motions to consolidate these six cases are also pending before the Court.

Pursuant to the PSLRA, the Court is instructed to appoint as lead plaintiff the movant with the largest financial interest in the outcome of the litigation that otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. §78u-4(a)(3)(B); *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements [of Rule 23], he is entitled to lead plaintiff status ...."). The Alaska Carpenters Trust has suffered losses of more than $88,000 and is the movant with the largest losses that otherwise satisfies Rule 23 and should be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B).

---

[1]     Competing motions for appointment as lead plaintiff have been filed by Danske and the McCallum Family Group.

One other competing movant, Danske, claims losses substantially greater than the Alaska Carpenters Trust, but does not "otherwise satisf[y] the requirements of Rule 23."[2] *See* 15 U.S.C. §78u-4(a)(3)(B). The only evidence submitted in support of Danske's motion to be appointed lead plaintiff is signed by a Hans-Henrik Gardner. Neither the motion nor the Danske Certification provides any information about Gardner's relationship to Danske or whether the involvement of Danske in this action has been properly authorized by Danske's CEO or its Board of Directors. In fact, Alaska Carpenters Trust's investigation revealed that the purported signatory's last name may not even be "Gardner," but may actually be "Garder," a Danske employee who appears to manage an equity portfolio for Danske.[3] In any case, neither Danske's motion, its certification nor Alaska Carpenters Trust's investigation provides any evidence that a Mr. Gardner is vested with authority to initiate litigation of this nature on behalf of an asset manager associated with a multi-billion-dollar international bank.[4]

These facts by themselves raise serious doubts regarding Gardner's (or Garder's) representation that he has authority to initiate litigation on behalf of Danske, doubts made even more acute by the involvement of Danske's counsel, which has had a string of recent withdrawals of other

---

[2] *See* Danske's Certification of Named Plaintiff Pursuant to Federal Securities Laws ("Danske Certification") (attached as Ex. A to the Declaration of Peter A. Lagorio in Support of Motion of Danske Capital to Consolidate Actions, to Be Appointed Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel) ("Lagorio Decl.").

[3] Danske, a Copenhagen-based asset manager with $16 billion under management, is a division of Danske Bank Group, which has more than 3 million retail and 150,000 corporate customers and is a subsidiary of Danske Bank, the largest bank in Denmark. *See* Affidavit of Nancy F. Gans in Support of Southern Alaska Carpenters Retirement Trust's Opposition to Competing Motions for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Gans Opp. Aff."), Ex. A.

[4] Indeed, an organizational chart of Danske Bank found on its website does not list a Mr. Gardner or Mr. Garder anywhere. *See* Gans Opp. Aff., Ex. B.

"clients" from lead plaintiff proceedings when their senior executives learned, apparently for the first time, that they had been proffered as lead plaintiffs. *See infra*, §II.B.1. *and* Gans Opp. Aff., Exs. E-R.

Danske, a foreign asset manager moving to be appointed the sole lead plaintiff in this complex class action, has also failed to proffer competent evidence that it has the required authority to bring suit on behalf of its clients or the requisite standing to claim their clients' investment losses. *See Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 633-35 (D.N.J. 2002) ("The clients' mere grant of authority to an investment manager to invest on its behalf does not confer authority to initiate suit on its behalf."); *Ezra Charitable Trust v. Rent-Way, Inc.*, 136 F. Supp. 2d 435, 441 (W.D. Pa. 2001) (holding that investment managers are not *ipso facto* authorized to bring suit to recover for, among other things, their clients' investment losses). Indeed, Danske is the type of lead plaintiff movant courts have repeatedly rejected, finding them infirm under Rule 23 and/or potential obstacles to judicial efficiency. *See In re Bank One S'holders Class Actions*, 96 F. Supp. 2d 780, 784 (N.D. Ill. 2000) (finding a foreign investment advisor atypical and inadequate because it "is not simply a buyer for its own account, standing instead in the place of whatever number of investors are participants in its managed fund"); *In re Network Assoc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 (N.D. Cal. 1999) (denying foreign investment advisors' motion and discussing potential agency costs associated with appointing them as lead plaintiffs). Danske cannot satisfy the requirements of Rule 23, and its motion to be appointed lead plaintiff should be denied. *See* 15 U.S.C. §78u-4(a)(3)(B).

## II. ARGUMENT

### A. The Alaska Carpenters Trust Is the Movant with the Largest Losses that Otherwise Satisfies Rule 23 and Therefore Is the Presumptive Lead Plaintiff

The Alaska Carpenters Trust is a domestic pension fund that manages approximately $100 million in assets for the benefit of several thousand participants, retirees and their families. The

- 3 -

Alaska Carpenters Trust is managed by a Board of Trustees, the members of which are experienced fiduciaries. The Trustees have met, considered their involvement in this action and specifically authorized this litigation after making a thoughtful decision to become involved in this action. The Alaska Carpenters Trust has regular outside financial and legal advisors who advise it on securities and legal matters and is capable of continuing to direct this case by quickly and effectively responding to issues that arise during the course of this litigation. Thus, the Alaska Carpenters Trust, with losses of over $88,000, is indisputably the type of institutional investor envisioned by Congress and should be appointed lead plaintiff.

### B.     Danske Is Not the Most Adequate Plaintiff

#### 1.     Infirmities in the Danske Certification

Danske's motion to be appointed lead plaintiff, supported only by a bare Certification, fails to establish that it is either typical or adequate. *See* Lagorio Decl., Ex. A. First, the Danske Certification is signed by Hans-Henrik Gardner, who is identified only by his name. *Id.* It is not insignificant that Danske has failed to provide the Court with any information about Gardner, his relationship to Danske, including his job title and responsibilities, or whether he is even properly authorized under Danish law to commence litigation or otherwise act on Danske's behalf in seeking appointment as lead plaintiff. This is especially true in light of Danske's counsel's numerous "client" withdrawals, as detailed below. *See* Lagorio Decl., Ex A. In fact, it appears Danske's lawyers, Schiffrin & Barroway, LLP ("Schiffrin & Barroway"), do not even know their own "client's" true name. The Danske Certification proffered in this case indicates that it was executed by a Hans-Henrik ***Gardner***. In the *Sara Lee* case, Schiffrin & Barroway filed a lead plaintiff motion

for Danske that was signed by a Hans-Henrick *Garder*.[5] The Alaska Carpenters Trust's investigation reveals that a Mr. Garder (not Gardner) is neither the CEO, a managing director nor a member of the Danske Board of Directors, but rather is a portfolio manager at Danske – an unlikely position for a multinational bank to vest with authority to initiate and direct a multi-hundred-million-dollar suit involving complex issues of the U.S. federal securities laws. Gans Opp. Aff., Ex. D. The failure of the purportedly authorizing representative of Danske to recognize his own name is more than just typographical oversight; it illustrates a lack of client involvement. *Id.*

The problem with proceeding without more information from the proffered plaintiff occurred in *In re Pre-Paid Sec.*, No. 01-cv-182 (W.D. Okla.) (Gans Opp. Aff., Ex. F). In *Pre-Paid*, Schiffrin & Barroway submitted a lead plaintiff motion on behalf of an institutional investor, like Danske, in reliance upon a lower-level employee. In the *Pre-Paid* case the employee simply thought he was mailing a claim form, not committing the investment firm to act as a fiduciary directing a complex, multimillion dollar securities fraud class action. On August 9, 2002, Robert Poole, Chairman of Bricoluer Capital Management withdrew Bricoluer as lead plaintiff from the appellate proceeding pending in the Tenth Circuit, *McNamara, et al. v. Pre-Paid Legal Serv., Inc., et al.*, Nos. 02-6110 (10th Cir. Apr. 8, 2002), and 02-6178 (10th Cir. June 7, 2002). The withdrawal occurred immediately upon learning that an action purportedly on behalf of Bricoluer had been filed almost a year before. Gans Opp. Aff., Ex. F. According to a statement given by Mr. Poole following his withdrawal, "It was never our firm's informed decision to participate in the first place.... [T]hey ... go around using your name to sue people and you don't even know its happening." *Id.* "It's almost like identity theft." *Id.*

---

[5] Although the certification does not offer more, the action referenced appears to be *In re Sara Lee Corp.*, Case No. 03-CV-3202, filed May 13, 2003 (N.D. Ill.) (Gans Opp. Aff., Ex. E).

Similarly, in the *IBP, Inc., Sec. Litig.*, No. CIV 01-4031 (D.S.D. Feb. 12, 2001), the Tiedemann Investment Group ("Tiedemann"), a large investment manager like Danske, withdrew as lead plaintiff after it discovered that it had been proffered by Schiffrin & Barroway as a lead plaintiff. It was later revealed that no one with proper authority at Tiedemann had consented to allow Tiedemann to participate in the litigation. *See* Gans Opp. Aff., Ex. G. It appears a junior employee of the firm, asserting Tiedemann's readiness to vigorously prosecute the action, had signed the certification. *Id.* ***This junior employee had no authority and no authority had been sought or obtained from any senior members of the firm.*** *Id.* Likewise, in *Berger v. Ira B. Lambert, et al.*, No. 02-21154-CIV-Huck/Bandstra (S.D. Fla.), Awad Asset Management ("Awad"), a Florida-based hedge fund, which, like Danske here, was a subsidiary of a major investment firm, was proffered as a lead plaintiff without proper authorization. *See* Gans Opp. Aff., Ex.I.

The ongoing threat of appointing an improperly authorized lead plaintiffs is illustrated by *In re Mitek Systems, Inc. Sec. Litig.*, Master File No. 00cv2028-L(AJB) (S.D. Cal. Oct. 11, 2000). In *Mitek*, the court granted the lead plaintiff motion of a Schiffrin & Barroway client, Watson Investment Partners ("Watson"). Thereafter, Watson, suddenly and without explanation withdrew from the action – ***after a tentative settlement of the case had been reached***. *See* Gans Opp. Aff., Ex. H.

Recently, in *Chambers v. Amdocs, Ltd*, No. 4:02 CV 00950 RWS (E.D. Mo. Nov. 15, 2002), Schiffrin & Barroway suddenly withdrew another of its clients, Excalibur Management Corp. ("Excalibur"), which had purportedly authorized a lead plaintiff motion. This withdrawal occurred despite the fact that Excalibur had the largest claimed loss of any lead plaintiff applicant after a competing lead plaintiff movant (citing the *Pre-Paid Legal* and *Lambert* incidents), requested

discovery to determine whether Excalibur had in fact properly authorized the filing of the lead plaintiff motion. *See* Gans Opp. Aff., Ex. M.[6]

Schiffrin & Barroway also recently filed an action against Interstate Bakeries Corp. purportedly on behalf of a Liberata Gibbone. *Gibbone v. Interstate Bakeries Corp., et al.*, No. 4:03-cv-00178-FJG (W.D. Mo. Feb. 28, 2003). When contacted by a reporter from *The Kansas City Star* to comment on the litigation and her role as plaintiff, Ms. Gibbone was quoted as saying, "That's news to me." *See* Gans Opp. Aff., Ex. J (Jennifer Mann & Dan Margolies, "Courting Shareholders: Lawyers Accused of Dubious Tactics in Finding Clients for Class Actions," *The Kansas City Star*, March 25, 2003). Similarly, in *Ryan v. Dana Corp.*, No. 03-CV-51 (W.D. Va. July 15, 2003), the firm was forced to dismiss its suit after Roger Ryan, in whose name the case was brought, requested its dismissal. Gans Opp. Aff., Ex. R. According to news reports, Mr. Ryan had not yet determined whether he wanted to file an action at all, let alone authorize the filing of one, and only found out that a lawsuit had been brought in his name when he was contacted by a reporter. *See id.* (Julie McKinnon, "Dana Corp. Shareholder Sues Company, Directors," *The Blade*, August 20, 2003).[7]

---

[6]     Additional lead plaintiffs recently proffered and then quietly withdrawn by the firm include: Blue Ridge Capital LLC, withdrawn from *Martin v. Maxim Pharmaceuticals, Inc., et al.*, No. 00-CV-2484-JM (LSP) (S.D. Cal. Oct. 1, 2001) (Gans Opp. Aff., Ex. K); WPG Institutional Software Fund, withdrawn from *In re Unify Corp. Sec. Litig.*, No. C-00-2728-SI (N.D. Cal.); John McStay Investment Counsel and Capital West Asset Management, withdrawn from *Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Hanover Compressor Company*, Civil Action No. H-02-0410 (S.D. Tex.) (Gans Opp. Aff., Ex. L); I-Velocity, withdrawn from *Casden v. HPL Tech. Inc., Sec. Litig.*, No. 3:02 cv 3510-VRW (N.D. Cal. Oct. 3, 2002) (Gans Opp. Aff., Ex. N); Caldwell & Orkin, Inc., withdrawn from *Van Reuth v. SRI Surgical Express, Inc.*, No. 8:01-CV-2282-23-MAP (M.D. Fla.) (Gans Opp. Aff., Ex. P); Fox Asset Management, withdrawn from *Curtis v. Elan Corp.*, No. 02-CV-212 L (AJB) (S.D. Cal.) (Gans Opp. Aff., Ex. O); *Schwartz v. TXU Corp* No. 3:02-CV-2243 (N.D. Tex.) (Gans Opp. Aff., Ex. Q).

[7]     At the very least, the Court should allow limited discovery on the questions raised herein regarding Danske's adequacy. *See* 15 U.S.C. §78u-4(a)(3)(B)(iv); *Network Assoc.*, 76 F. Supp. 2d at 1027 (discovery into the adequacy of the foreign funds' pending lead plaintiff motion – which

## 2. Danske Has Failed to Demonstrate It Has Standing to Pursue Claims on Behalf of the Class

Danske has further failed to demonstrate that it has standing to initiate litigation to recover its clients' investment losses. *See Worth v. Seldin*, 422 U.S. 490, 501-03 (1975) (standing must adequately appear from plaintiffs' materials); *In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.* 209 F.R.D. 353, 357-58 (S.D.N.Y. 2002) (holding that an institution acting purely as an investment advisor lacks standing to claim client's financial interest); *Suprema Specialties, Inc.*, 206 F. Supp. 2d at 633-34 (same); *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 573-580 (D.N.J. 2001) (finding that plaintiff whose stock ownership was in question lacked standing to assert claims on behalf of shareholders).

In *Ezra Charitable Trust*, the court held that, consistent with the current trend, asset managers seeking to be appointed lead plaintiff must demonstrate standing to pursue claims under the Exchange Act by providing competent evidence that it had not only investment authority from its clients, but, in addition, had "attorney-in-fact" authority to bring suit on behalf of its clients. 136 F. Supp. 2d at 441; *see generally Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 755 (1975); *see also Suprema Specialties*, 206 F. Supp. 2d at 635 (rejecting the lead plaintiff motion of an asset manager, holding that "[movant] has not provided the Court any indication that its members have given it authority to file lawsuits on its behalf").

Here, although the Danske Certification pays lip service to these requirements, no competent evidence from anyone in Danske's corporate hierarchy has provided any evidence to confirm the *bona fides* of Danske's involvement in the action. As the record now stands, Danske has not

---

court ultimately reasoned "prove[d] illuminating" in rejecting the foreign funds as lead plaintiffs); *see also* Gans Opp. Aff., Ex. C.

presented any credible evidence that Danske has been granted attorney-in-fact to sue for the losses of its clients or that Danske's senior management or Board properly authorized the filing of a lead plaintiff motion under Danish law.

### 3. Appointment of Danske as Lead Plaintiff Would Subject the Class to Unnecessary Risk

The appointment of a foreign investor as a *sole* lead plaintiff would subject the class to unnecessary risk. Danske may be subject to unique defenses, potentially distracting it from focusing on the interests of the class as a whole. Defendants may argue, for example, that Danske is subject to a more stringent burden of proof than a domestic plaintiff. *See O'Driscoll v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 83 Civ. 0616, 1983 U.S. Dist. LEXIS 13984, at **12-13 (S.D.N.Y. Sept. 8, 1983) (foreign investor must "make a showing of causation stronger than that required of domestic plaintiffs. A non-resident alien must show causation of the alleged harm by acts or culpable omissions in the United States ...."); *see, e.g., Koos v. First Nat'l Bank*, 496 F.2d 1162, 1164 (7th Cir. 1974) ("Where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative."); *J.H. Cohn & Co. v. American Appraisal Assoc., Inc.*, 628 F.2d 994, 999 (7th Cir. 1980) ("The fear [of unique defenses applicable only to the named plaintiff] is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer."); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990) ("[C]lass certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation .... Regardless of whether the issue is framed in terms of the typicality ... or the adequacy of its representation ... there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.").

Given the presence of a domestic institutional investor with substantial losses that is also seeking appointment of lead plaintiff but is not subject to the foregoing problems, Danske's motion as a sole lead plaintiff should be denied. *See Network Assoc.*, 76 F. Supp. 2d at 1030.

### C. The McCallum Family Group's Losses Are Too Small to Support Its Appointment as Lead Plaintiff

The McCallum Family Group is made up of five family members with approximate combined losses of $44,180. Even with their losses combined, the McCallum Family Group has a smaller financial interest than the Alaska Carpenters Trust. Since the Alaska Carpenters Trust does not suffer from the infirmities of the Danske plaintiff, the McCallum Family Group's motion should be denied in in favor of the Alaska Carpenters Trust. *Cavanaugh*, 306 F.3d at 729-30. Moreover, the McCallum Family Group is not comprised of, and does not contain, institutional investors, *i.e.*, the types of investors favored by the PSLRA.

### III. CONCLUSION

For the foregoing reasons, the Alaska Carpenters Trust's motion to be appointed lead plaintiff and for appointment of lead and liaison counsel should be approved and the motions of the competing movants denied.

DATED: January 12, 2004

Respectfully submitted,

MOULTON & GANS, P.C.
NANCY FREEMAN GANS, BBO #184540

_____
NANCY FREEMAN GANS

33 Broad Street, Suite 1100
Boston, MA 02109-4216
Telephone: 617/369-7979
617/369-7980 (fax)

[Proposed] Liaison Counsel

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail (by hand) on _____

- 10 -

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
PATRICK J. COUGHLIN
JEFFREY W. LAWRENCE
CONNIE M. CHEUNG
SYLVIA SUM
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

T:\pleadingsSF\alkermes\BRF00005511.doc